**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No: 1: 24 -cv-  0983**

BRIAN ANDREW CHAVEZ,

      Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

      Defendant.

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, Brian Andrew Chavez, by and through his attorney, Michael S. Krieger of Michael S. Krieger, LLC, and Noel & Krieger, with his Complaint against the above Defendant, The Prudential Insurance Company of America (hereinafter "Prudential").

1.  This is a civil action for disability benefits owed to Brian Chavez (hereinafter "Plaintiff"), arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, including 29 U.S.C. § 1132(a).  Plaintiff seeks judicial review of the denial of disability benefits by Prudential.

### JURISDICTION AND VENUE

2.  The United States District Court in and for the District of Colorado has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 1132(e)(1).

3.   Venue is proper in the District of Colorado, pursuant to 29 U.S.C. § 1132(e)(2), because (1) Prudential does business in Colorado, and (2) Prudential has a registered agent, the Colorado Division of Insurance, located at 1560 Broadway, in Denver, Colorado.

## PARTIES

4.   Plaintiff resides at 5373 South Holland Street, Littleton, Colorado, 80123

5.   Plaintiff is 63 years old.

6.   Before becoming disabled, Plaintiff was employed full time for approximately 14 years as a full-time regular employee of Silicon Valley Bank, a/k/a SVB Financial Group ("SVB").  He was employed as a banker, with a specific title of Relationship Advisor II.  As such, he was covered under a disability income benefits plan sponsored by SVB, but administered and underwritten by Prudential with a Group Contract Number of G-42016-CA (hereinafter "Plan").

7.   The Plan provides for short and long term disability benefits for Plaintiff, as long as Plaintiff meets the definition of disability set forth in the Plan.

8.   According to the Plan documents, SVB has delegated all responsibility for benefit decisions to Prudential, so that Prudential not only determines who is (or is not) entitled to disability benefits, but also funds those benefits.  Prudential claim to have discretion to determine eligibility for benefits and is therefore a fiduciary of the Plan pursuant to 29 U.S.C. § 1002(21).

9.   According to the Plan, the definition of totally disabled is "…when as a result of your sickness or injury:

- You are unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation; and
- You are not working in your usual occupation."

10.  The Plan provides for an offset of long term disability ("LTD") benefits in the amount of any Social Security Disability Income ("SSDI") benefits awarded by the United States Social Security Administration.  Here, Plaintiff was awarded said SSDI benefits, which benefits were payable beginning in September of 2021.  Prudential was notified of this award prior to Prudential's final decision denying STD and LTD benefits.

### STANDARD OF REVIEW

11.  Upon information and belief, the LTD Plan does not create or reserve any discretionary authority in Prudential to determine eligibility for STD and LTD benefits.

12.   Defendant has an inherent and actual conflict of interest in the claims administration process in this case, because Defendant determines the validity of Plaintiff's claim and Defendant is also responsible for paying all STD and LTD benefits.

13.  In the alternative, any term, provision or clause purporting to provide administrative discretion or deference to Defendant to determine eligibility for benefits under the LTD plan, or state that said proof of disability be "satisfactory to Prudential", define the terms of the STD and/or LTD plans, or making any plan decisions, is void pursuant to *C.R.S. § 10-3-116*, which makes mandatory a *de novo* review of the entitlement to disability benefits.

14.   In the alternative, the acts and omissions of Prudential, cited elsewhere in this Complaint, constitute procedural irregularities that are serious enough to dial-back

- 3 -

the administrative discretion allegedly reserved to the STD and LTD Plans in a degree to be determined by the Court.

15.   In the alternative, the acts and omissions of Prudential were arbitrary and capricious, subjecting Defendant to the remedies sought by Plaintiff.

**CLAIM FOR RELIEF**

16.   Plaintiff suffered from heart disease for several years prior to 2019.  He suffered a heart attack in 2016 and had 2 stents installed surgically, at which time he was approved by Prudential for STD and LTD benefits under the SVB Plan and received said benefits for several months.

17.   Plaintiff returned to work at SVB, but suffered another heart attack and underwent treatment culminating in a triple vessel coronary artery bypass on 7 December 2019.  Subsequent to that open heart surgery, he developed excruciating chest wall pain over his sternum, which radiated around his rib cage, with the pain on the left side greater than the right side.  The pain was described as throbbing, stabbing and burning and was complicated by extreme sensitivity over his sternum.  On various office visits he reported pain as low as 2/10 (on a scale of 0-10) and as high as 10/10. He was diagnosed with intercostal brachial neuralgia and, later, complex regional pain syndrome.

18.   Nevertheless, Plaintiff attempted to return to work during 2020 for SVB in his capacity as a banker.  However, Plaintiff found that his chest wall pain interfered significantly with his ability to sleep and, in conjunction with the pain medication he was

prescribed, effected his ability to concentrate and focus on his work at SVB, of which he became aware during the winter and spring of 2021.

19.  In March of 2021, Plaintiff became unable to continue working for SVB (or engaging in any other form of employment) as a result of his chest pain.   Plaintiff applied for Short Term Disability ("STD") benefits shortly thereafter.

20.  Initially, Prudential granted STD benefits, by a letter dated 15 June 2021, and approved Plaintiff's claim for said benefits "through April 17, 2021" with LTD benefits beginning (if approved) on 18 June 2021.

21.  Nevertheless, Prudential did not pay STD benefits.  Instead, in a letter dated June 28, 2021, Prudential retroactively denied STD benefits effective 18 April 2021, and denied any payment of LTD benefits.

22.  Plaintiff appealed the June 28, 2021, decision by Prudential on Sept 14, 2021, and submitted extensive medical records concerning Plaintiff's diagnoses, symptoms, and functional limitations as part of this appeal.  Plaintiff also provided to Prudential other documents attacking the credibility and opinions of Prudential's medical document reviewers, specifically Richard Kaplan, MD, and Peter Mosbach, PhD.

23.  Plaintiff treated with Robert Sims, MD, and Cindy Hildebrand, PA-C; underwent two sets of intercostal nerve blocks by Christopher Huser, MD, and others; consulted with Rachel Rzasa Lynn, MD, of University of Colorado Health's Pain Management unit, underwent surgery by  Myles Guber, MD, in June of 2020 to remove the sternal wires in his chest, attended physical therapy numerous times, and underwent therapy to develop coping strategies for his pain with Brent Van Dorstein, PhD, a pain psychiatrist with the Colorado Center for Behavioral Medicine.  Other than a

temporary reduction in pain following one of the nerve blocks, none of the above therapies and treatment caused any significant reduction in the level of Plaintiff's pain.

24.  During his treatment for pain, a number of medications were tried, including but not limited to, Gabapentin, Dilaudid, Cymbalta, Lidocaine patches, Hydromorphone, Cyclobenzaprine, Nortriptyline, Lyrica, Topiramate, Indomethacin, Duloxetine and Tizanidine.

25.  Plaintiff's primary care doctor, Robert Sims, MD, has stated that Plaintiff complied with the above treatment regimens.

26.  During the summer of 2021, Plaintiff continued to have difficulties with severe chest pain, involving the inability to sleep through the night, travel normally, complete normal homemaking activities, lift objects from the floor with safety and stability, and sit with safety and stability, among other functional problems.

27.  In December of 2021, Plaintiff was referred to Kristine Couch, OTR, and for administrative of a Functional Abilities Evaluation (FAE), which was completed between 7 December and 15 December 2021.  During this examination, Plaintiff was cooperative in all aspects of the testing.  In addition, Plaintiff demonstrated consistent effort in 30 of 30 tests and his results were considered valid by Kristine Couch, OTR.

28.  According to the FAE report, Plaintiff was not able to complete the testing in a single day as his significant pain problems and overall fatigue increased during the testing, causing great difficulty in task focus and concentration.  Plaintiff's ability to lift, carry, walk, stand and sit, and to grip, pinch and engage in fine manipulation, were severely compromised.

29. Ms. Couch concluded that Plaintiff was *unable* to perform his usual and customary job duties as a Relationship Advisor for Silicon Valley Bank.

30. All four of Plaintiff's treating doctors, Robert Sims, MD, a Primary Care Physician with Family Care, Southwest, Myles Guber, MD, of Colorado Cardiovascular Surgical Associates, Rachael Rzasa Lynn, MD, of the University of Colorado Health Pain Management Clinic, and Christopher Huser, MD, of MD Pain Management, reviewed the FAE report by Couch and were all in substantial agreement with the limitations and restrictions set forth therein.

31. Brent Van Dorsten, PhD, the Pain Psychiatrist of the Colorado Center for Behavioral Medicine, who met with Plaintiff for psychological support due to his chronic pain, opined that Plaintiff's mental condition did not cause his disability.

32. By a letter dated 28 April 2022, Prudential upheld its original decision denying STD and LTD benefits.

33. Plaintiff requested a copy of the claim file of Prudential on 2 May 2022. This file was received but contained a passcode, without which the claim file could not be viewed by Plaintiff.

34. By letter dated 24 August 2022 and faxed that same day to Prudential, Plaintiff requested the passcode to the claim file. Plaintiff has no record of receiving any passcode from Prudential.

35. Plaintiff again submitted additional medical evidence, including but not limited to records filed with the Social Security Administration by Plaintiff in his successful quest for Social Security Disability Income ("SSDI") benefits, articles cited by Prudential's reviewing doctor, Dr. Richard Kaplan, as being relevant to Functional

Capacity Examinations ("FCE"), and the Affidavit of Kristine Couch, OTR, regarding FCE testing.

36.  Plaintiff appealed the 28 April 2022 denial and submitted additional medical records, including the records and opinion letter of Giancarlo Barolat, MD, of Barolat Neuroscience, whom Plaintiff met in January of 2022.  Dr. Barolat proposed a staged trial of spinal cord stimulation.

37.  Difficulties in obtaining insurance approval of the staged trial of spinal cord stimulation delayed surgery for many months.  Ultimately, on January 30, 2023, Jonathan Bernardini, MD, a specialist in comprehensive pain management with MD Pain, performed a temporary percutaneous trial insertion of 2 electrodes, one midline and the other left lateral along the nerve roots.  Several days post-surgery, the Plaintiff reported that was "very pleased" to report that he felt a 75% improvement in his neuropathic pain.  This result of the temporary spinal cord stimulation was conveyed to Prudential by way of a letter from Plaintiff's counsel dated 21 March 2023.

38.  As part of Plaintiff's appeal, Plaintiff submitted by way of a letter dated 20 June 2023, a critique of Dr. Richard Kaplan's latest memorandum concerning Plaintiff's disability and specifically inviting a "studied response" from Dr. Kaplan.

39.  By letter from Plaintift's counsel date 21 March 2023, Plaintiff perfected his appeal to Prudential.

40.  Instead, Prudential denied the appeal by way of its letter of 21 July 2023, specifically stating that its decision was final and indicating that the Plaintiff's only recourse was to file an action in the US District Court.

41.  Plaintiff is entitled to receive all Plan benefits from the date of his application for Plan benefits to the present, reinstatement of any and all applicable continuing benefits, prejudgment interest (which interest is 8% under Colorado law) on and for back-due benefits, if any, and reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1) and C.R.S. § 10-3-1116(1).

42.  In wrongfully denying benefits to Plaintiff, Prudential failed to comply with its fiduciary duties under ERISA, by and through the following acts and omissions:

a.  Taking actions as a decision-maker, while in an inherent and actual conflict of interest, as Prudential is the adjudicator, investigator, payor, and underwriter of claims and benefits under the STD and LTD Plans;

b.  Failing to provide a coherent, specific reasons for denying the Plaintiff's claim and failing to perform other duties, more fully described in 29 U.S.C. § 1133 and Regulation 29 C.F.R. § 2560.503.1;

c.  Failing to provide certain notices required by ERISA regulations, more specifically, failing to comply with 29 C.F.R. § 2560.503-1(g)(l);

d.  Failing to give Plaintiff specific reasons why certain medical evidence provided by Plaintiff, including the opinions of 4 treating physicians of Plaintiff, was ignored by the Prudential in the denial of benefits;

e.  Denying benefits based upon a selective and self-serving review of the medical and other records, "cherry-picking" portions of the record and rejecting or ignoring the conclusions of treating medical providers; and

f.  Failing to perform other acts which a reasonable, full, and fair review of this claim requires under the circumstances of this individual case.

**WHEREFORE**, Plaintiff requests the following from this Honorable Court:

a.   That the Court order the Prudential to pay any and all back-due STD and LTD benefits and reinstate any and all current Plan benefits owing to Plaintiff;

b.  That the Court order Prudential to pay prejudgment and/or other interest on any back-due benefits at the rate set by Colorado law (8%) or other applicable statute;

c.   That the Court order Prudential to pay all court costs and the reasonable attorney fees of the Plaintiff pursuant to ERISA and C.R.S. § 10-3-1116(1); and

e.   That the Court grant such other relief as may be proper.

Signed and executed this 11th day of April, 2024.

> **s/Michael S. Krieger**
> Michael S. Krieger
> Michael S. Krieger, LLC
> Noel & Krieger
> 165 South Union Blvd., Ste 310
> Lakewood CO 80228
> 303-781-5559     Fax: 303-781-1349
> Mike@Krieger.Law
> Attorney for Plaintiff

Plaintiff's address:
See paragraph 4 above